RECEIVED
IN ALEXANDRIA, LA
SEP 27 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT WARREN | DOCKET NO.: 07-CV-1035 |
| VERSUS | JUDGE DRELL |
| WARDEN WILKINSON, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Robert Warren, filed *in forma pauperis* on June 15, 2007. Warren is currently incarcerated at the Winn Correctional Center ("Winn") in Winnfield, Louisiana. He originally named as defendants Warden Wilkinson and Nurse Kathy Richardson; in his amended complaint, Plaintiff adds Corrections Corporation of America as a defendant.

This matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 626 and the standing order of this Court.

### STATEMENT OF THE CASE

Plaintiff alleges that he is being denied proper medical care at Winn Correctional. He claims that four years ago his wheelchair was taken from him by Nurse Richardson despite the fact that it was prescribed by another medical professional. He further claims that he received a walker, which was also taken from him by Nurse Richardson. He alleges that he has to walk in pain as a result of the nurse's actions.

Plaintiff lists his Administrative Remedy Procedures ("ARP") and other actions that he has taken as follows:

- 11-11-02: ARP for falling from his wheelchair
- 06-12-02: ARP for falling from his wheelchair
- 06-12-02: ARP
- 01-02-03: ARP for falling from his wheelchair
- 10-19-03: Disciplinary report.
- 08-14-03: Request for doctor.
- 12-06-03: Medical complaint.
- 05-06-04: Medical request.
- 07-16-04: ARP for surgery.
- 05-10-07: Response to inmate request stating "No falls in chart."

As to Defendant Wilkinson, Plaintiff complains that he has not done his job supervising the staff because Plaintiff is still being refused medical treatment.  Plaintiff added Corrections Corporation of America ("CCA") as a defendant, claiming it is liable for not providing Plaintiff with appropriate medical help.  Plaintiff seeks $1.5 million in damages.

## LAW AND ANALYSIS

### 1.   Statute of Limitations

According to Plaintiff's complaint, the last ARP that he filed was "for surgery" on July 16, 2004.  In his amended complaint, he submitted a purported ARP dated April 14, 2005, also pertaining to surgery, but still over two years ago.  Plaintiff has not submitted any administrative remedy forms regarding a wheelchair and/or walker being taken from him.

Plaintiff states that he needs his wheelchair or walker to

2

prevent him from falling.  However, he has not made allegations of any falls other than three occasions in 2002 and 2003 where he states that he actually fell from his wheelchair.  As pointed out in the memorandum order, ironically, Plaintiff has provided no information regarding any falls occurring since his wheelchair was taken away.

It is unclear from the documents submitted by Plaintiff whether he properly exhausted his claim regarding the wheelchair and walker; therefore it cannot be properly be determined whether Plaintiff's claim has prescribed.  However, even if the claim has **not** prescribed, Plaintiff fails to state a claim for which relief can be granted, and his complaint should be dismissed.

## II.  Warden Wilkinson

Plaintiff named Warden Wilkinson as a defendant alleging that the warden has not done his job supervising Nurse Richardson.  As Plaintiff was informed in the Court's memorandum order, it is well settled that supervisory officials may not be held liable under § 1983 through the doctrine of respondeat superior.  Mouille v. City of Live Oak, 977 F.2d 924 (5th Cir.1992), cert. denied, 508 U.S. 951 (1993); Jennings v. Joshua Indep. Sch. Dist., 877 F.2d 313 (5th Cir.1989), cert. denied, 496 U.S. 935 (1990).

To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that

3

the policy itself acts as a deprivation of constitutional rights. Cronn v. Buffington, 150 F.3d 538, 544 (5th Cir.1998). Despite being allowed the opportunity to amend, Plaintiff failed to allege facts sufficient to demonstrate either Wilkinson's personal involvement in the alleged unconstitutional deprivation or the warden's implementation of unconstitutional policies.

**III.      Nurse Richardson**

Plaintiff's medical care claim arises under the Eighth Amendment's prohibition against cruel and unusual punishment. In order to show an Eighth Amendment violation in this context, Plaintiff must show that the defendant was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104, (1976); Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir.2001). Plaintiff has not made such a showing.

Deliberate indifference in the context of the failure to provide reasonable medical care to a prisoner means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm occur. Thompson, 245 F.3d at 458-59. "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." Thompson, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary

4

and wanton inflection of pain repugnant to the conscience of mankind." McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir.1997); Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir.1999). **The fact that a plaintiff disagrees with what medical care is appropriate does not state a claim of deliberate indifference to serious medical needs.** See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

Plaintiff has not alleged facts sufficient to establish deliberate indifference in this context. Plaintiff claims that his wheelchair was taken from him over four years ago and that he suffers from back pain. However, a list of various medical complaints provided by Plaintiff primarily discusses problems with his ear and skin rashes. The defendant's response to Plaintiff's list indicates some instances where Plaintiff had been treated for the complaint, and some where Plaintiff was told he needed to go to sick call in order to be treated. [Doc. #6, p.3]

Plaintiff submitted a copy of one sick call request from June 10, 2007, stating that his back and leg hurt. The nurse noted that Plaintiff refused Motrin, stating "I ain't paying for nothing else." [Doc. #6, p.4] Nothing in the deliberate indifference standard guarantees inmates the right to be entirely free from cost considerations relevant to medical decisions. Reynolds v. Wagner, 128 F.3d 166, 175 (3d Cir. 1997). Plaintiff paid a $3.00 co-pay for the medical examination, but chose not to purchase Motrin for

his pain.

Moreover, Plaintiff has been without a wheelchair for over four years, and he has not produced an administrative remedy procedure complaint regarding his wheelchair being taken away. Plaintiff alleges that he has fallen at various times, all of which occurred while he was in possession of the wheelchair; however, he has apparently not fallen once since the wheelchair was taken away from him.

Thus, Plaintiff has not shown that the nurse was aware of facts from which an inference of substantial risk of serious harm could be drawn; nor has he shown that she actually drew such an inference; nor that her response to plaintiff's complaints indicated that she subjectively intended that any harm occur to the plaintiff. Thompson v. Upshur County, Texas, 245 F.3d 447, 458-459 (5th Cir. 2001).

The plaintiff's allegations do not reveal that he was ever subjected to a "substantial risk of serious harm" since his wheelchair was taken away. He does not claim that he cannot walk, and he refused to purchase Motrin for pain.

C. CCA

In his amended complaint, Plaintiff claims that CCA is liable under §1983. However, a private corporation is not vicariously liable under §1983 for its employees' deprivations of others' civil rights. Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th

6

Cir. 1999); <u>Street v. Corrections Corporation of America</u>, 102 F.3d 810, 817-18 (6th Cir. 1996)(CCA cannot be held liable under §1983 on respondeat superior or vicarious liability basis).   Rather, a private corporation is liable under §1983 only when an official policy or custom of the corporation causes or is the "moving force of the constitutional violation."

The compliant is devoid of any allegations that an official policy or custom of CCA was the "moving force" behind its employees' alleged deprivation of Plaintiff's civil rights. Accordingly, Plaintiff's claims against CCE should be dismissed as frivolous.

**CONCLUSION**

For the foregoing reasons, IT IS RECOMMENDED that Plaintiff's claims be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this**

7

Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this ___ day of _____, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE